UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BOWEN, JR., | ) | CASE NO. 5:17-cv-679 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER** |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' joint motion for an award of attorney fees and costs in the amount of $4,615.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 27[1] ["Mot."].) For the reasons that follow, the motion is granted.

**A. Background**

Plaintiff filed this action on March 31, 2017, seeking review of the Commissioner of Social Security's ("Commissioner") decision denying plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. (Doc. No. 1.) Subsequently, the parties filed a joint motion to remand the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 22.) The joint motion was granted, and the Court ordered the case remanded for further proceedings. (Doc. Nos. 23 and 24.)

---

[1] The parties' joint motion, filed with the documentation ordered by the Court (*See* Non-document Order October 25, 2017), supersedes and renders moot the parties' earlier filed motion for attorney fees (Doc. No. 25).

According to the motion, the parties' agreement concerning attorney fees and costs represents a compromise and settlement of disputed positions, and will fully satisfy all of plaintiff's fees, costs, and expenses under 28 U.S.C. § 2412. (Mot. at 654.[2]) The parties acknowledge that an award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). (*Id.*)

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Prevailing party" status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Plaintiff brought this action for judicial review of the Commissioner's decision and succeeded in securing a sentence four remand for further consideration of his application. Thus, plaintiff is a prevailing party within the meaning of the statute.

Plaintiff's counsel's EAJA time statement submitted in support of the motion indicates that 26.50 hours[3] were expended in this case. (Mot. at 657.) The motion seeks an award of $4,615.00. This amount, divided by the number of hours for legal services rendered, results in an hourly rate of $174.15.

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

[3] The number of hours expended by plaintiff's counsel is not exorbitant. Having examined the statement, and considering plaintiff's successful outcome, the Court concludes that 26.50 hours is reasonable in this case.

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014). The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[4] *Id.* (collecting cases). The Court finds that the parties' agreed compromise hourly rate of $174.15, considering adjustments for cost of living increases since the enactment of the EAJA, is both supportable and reasonable. *See Sizemore ex rel. C.J. v. Comm'r of Soc. Sec.*, No. 1:13-CV-521, 2015 WL 1647458, at *2 (S.D. Ohio Apr. 13, 2015) "[T]he hourly rate of $ 175.00, adjusted for cost-of-living increases since enactment of the EAJA, and the 20.6 hours expended that are claimed by counsel are reasonable."); 28 U.S.C. § 2412(d)(2)(A).

Finally, it is the government's burden under the EAJA to show that its position denying benefits was substantially justified. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted). Defendant has made no attempt to demonstrate that the government's denial of plaintiff's application was substantially justified, and the Court is not aware of any special circumstances that would make an attorney fee award unjust. Accordingly, the Court awards to plaintiff attorney fees and costs in the sum of $4,615.00.

---

[4] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

EAJA attorney fees are subject to offset to satisfy pre-existing federal debt owed by plaintiff. Payment of any amount remaining after offset may be made directly to plaintiff's attorney if plaintiff has assigned EAJA attorney fees to his attorney. *See Crenshaw*, 2014 WL 4388154 at *5. Counsel for the parties shall promptly verify whether plaintiff owes any pre-existing debts to the United States that are subject to offset, and any such debt will be offset against the EAJA award granted herein. Defendant will direct that the EAJA award herein that is not subject to offset be made payable to plaintiff's attorney pursuant to any attorney fee assignment between plaintiff and his counsel. The Commissioner will direct the Treasury Department to mail any check in this matter to the business address of plaintiff's counsel.

**C. Conclusion**

For the reasons set forth herein, the parties' joint motion for an award of EAJA attorney fees and costs pursuant to 28 U.S.C. § 2412 in the amount of $4,615.00, is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: November 7, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**